UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Lindsay Rafferty** on behalf of herself and all other persons similarly situated, known and unknown,<br><br>     Plaintiff,<br><br>vs.<br><br>**Denny's Inc.**, an Ohio corporation.<br><br>     Defendant. | No. _____<br><br>**COLLECTIVE ACTION COMPLAINT** |

Plaintiff, Lindsay Rafferty ("Plaintiff"), on behalf of herself and all other persons similarly situated who are current or former servers of Defendants ("Collective Members") and by and through the undersigned attorney(s), sues the Defendant, Denny's, Inc. ("Defendant Denny's") and alleges as follows:

## PRELIMINARY STATEMENT

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* for Defendant's failure to pay Plaintiff and other similarly-situated employees all earned minimum wages.

2. Defendant owns and operates a chain of Denny's restaurants which are the subject of this lawsuit.

3. Defendant has a policy or practice of its employee servers sub-minimum hourly wages under the tip-credit provisions of the FLSA.

4. Under the tip-credit provisions of the FLSA, an employer of tipped employees may, under certain circumstances, pay those employees less than the minimum hourly wage and take a "tip credit" against its minimum wage obligations.  But an employer is *not* permitted to

1

take a tip credit against its minimum wage obligations in any of the following circumstances: (1) when it fails to inform tipped employees of the provisions of the tip-credit subsection of the FLSA; (2) when it requires its tipped employees to perform non-tipped work that is *unrelated* to the employees' tipped occupation (i.e., "dual jobs"); and (3) when it requires its tipped employees to perform non-tipped work that, although related to the employees' tipped occupation, exceeds 20 percent of the employees' time worked during a workweek.  *See, e.g.,* 29 U.S.C. § 203(m) (the tip credit provision "shall not apply with respect to any tipped employee unless such employee has been informed by the employer of the provisions of this subsection"); *Marsh v. J. Alexander's LLC*, --- F.3d ----, 2018 WL 4440364 (9th Cir. 2018) (concluding that the plaintiff stated two claims for relief under the FLSA–"first, that he is entitled to the full hourly minimum wage for the substantial time he spent completing related but untipped tasks, defined as more than 20% of his workweek; and second, that he is entitled to the same for time he spent on unrelated tasks"); *Driver v. Apple Illinois, LLC*, 739 F.3d 1073, 1075 (7th Cir. 2014) (explaining that when tipped employees perform "non-tipped duties" that "are unrelated to their tipped duties … such as, in the case of restaurant servers, washing dishes, preparing food, mopping the floor, or cleaning bathrooms, they are entitled to the full minimum wage for the time they spend at that work"); *Fast v. Applebee's Int'l, Inc.*, 638 F.3d 872, 880 (8th Cir. 2011) ("employees who spend 'substantial time' (defined as more than 20 percent) performing related but nontipped duties should be paid at the full minimum wage for that time").

5.     Defendant violated the FLSA by paying servers sub-minimum, tip-credit wages without informing them of the tip-credit provisions of the FLSA.

6.     Defendant violated the FLSA by enforcing a policy or practice of paying servers sub-minimum, tip-credit wages even when it required those employees to perform non-tipped work that is *unrelated* to their tipped occupation (i.e., "dual jobs").

7.     Defendant violated the FLSA by enforcing a policy or practice of requiring servers to perform non-tipped work that, even if it was related to their tipped occupation, exceeded 20 percent of their time worked in one or more individual workweeks.

## JURISDICTION AND VENUE

8.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

9.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the laws of the United States.

10.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff and Collective Members occurred within the Northern District of Ohio, and Defendant regularly conducts business in and has engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

11.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

12.     Plaintiff is an individual residing in Summit County, Ohio, and is a current employee of Defendants.

13.     Plaintiff was employed as a server at Defendant's Denny's restaurant located at 2943 S. Arlington Road, Akron, Ohio 44312 from approximately February 1, 2012 through the present.

14.    At all material times, Plaintiff was paid by Defendant as a tipped employee under the FLSA.

15.    Defendant employed Plaintiff to perform various tipped and non-tipped duties, including, but not limited to, serving drinks and food to customers, cleaning, busing tables, washing dishes and other side work.

16.    At all material times, Plaintiff was an employee of Defendant as defined in 29 U.S.C. § 203(e)(1) and was a non-exempt employee under 29 U.S.C. § 213(a)(1).

17.    Plaintiff has given her written consent to be a Representative Plaintiff in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which is appended hereto as Exhibit A.

18.    At all material times, Denny's, Inc. was a South Carolina corporation duly licensed to transact business in the State of Ohio.

19.    Defendant Denny's, Inc. does business, has offices, and/or maintains agents for the transaction of its customary business in Summit County, Ohio.

20.    Defendant Denny's, Inc. is Plaintiff's "employer," as defined by the FLSA. 29 U.S.C. § 203(d).

21.    Under the FLSA, Defendant Denny's, Inc. is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant Denny's, Inc. had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  Having acted in the interest of Denny's, Inc. in

4

relation to the company's employees, including Plaintiff, Defendant Denny's, Inc. is subject to liability under the FLSA.

## DEFENDANT IS A "SINGLE ENTERPRISE" AND "SINGLE EMPLOYER"

22.     Defendant is a corporately owned and operated chain of Denny's restaurants.

23.     At all material times, Defendant has operated as a "single enterprise" within the meaning of Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1). That is, Defendant performs related activities at its restaurants throughout the country by means of unified operation and common control for a common business purpose; namely, the operation of a chain of Denny's restaurants.

24.     Defendant constitutes a unified operation because it has organized the performance of its activities so that it is an organized business system, which is an economic unit directed to the accomplishment of a common business purpose.

25.     Defendant runs each Denny's restaurant location identically, or virtually identically, and Defendant's customers can expect the same kind of customer service regardless of the location.

26.     Defendant shares employees between restaurant locations.

27.     Defendant shares common management between restaurant locations. The Denny's restaurants share common human resources and payroll services.

28.     Defendant uses the trade name "Denny's" at its Denny's restaurant locations.

29.     Defendant advertises for all its restaurant locations together on the same website. (*See* https://www.dennys.com last visited Oct. 16, 2018).

30.     Defendant provides the same array of products and services to its customers at its Denny's restaurant locations. (*See* https://www.dennys.com/food/ last visited Oct. 16, 2018).

31.     Defendant invites applicants to apply for its open server positions through a unified online job marketplace. The job description of "server" is identical across all of Defendant's restaurant locations. (*See* https://careers.dennys.com/global/en/restaurant-crew last visited October 16, 2018). Part of that job description is the requirement of "[h]elping to keep our restaurants clean, completing side work, and organizing supplies as needed." (*See* https://careers.dennys.com/global/en/job/R04832/Server last visited October 16, 2018).

32.     This chain of restaurants provides the same service product to its customers by using a set formula when conducting its business.

33.     Part of that set formula is the wage violations alleged in this complaint.

## STATEMENT OF FACTS

34.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

35.     Plaintiff and the Collective Members, in their work for Defendant, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

36.     Defendant paid Plaintiff and the Collective Members a sub-minimum wage, ostensibly according to the tip-credit provisions of the FLSA, which allow an employer to pay an hourly wage less than the statutory minimum wage, provided that the employer complies with the requirements of the tip-credit provisions of 29 U.S.C. § 203(m). However, Defendant did not comply with the requirements of the tip-credit provisions and thus cannot avail itself of the tip-credit provisions of the FLSA.

37.     Defendant failed to inform Plaintiff and the Collective Members of the tip credit provisions of the FLSA.

38.     Defendant regularly and frequently required Plaintiff and the Collective Members to perform a number of non-tipped duties **unrelated** to their tipped occupations, including but not limited to: taking out trash; scrubbing walls; sweeping and mopping floors; cleaning booths; washing dishes and operating the dishtank; breaking down and cleaning the server line; ensuring the general cleanliness for the front of the house; detail cleaning throughout the restaurant; stocking stations throughout the restaurant; stocking and setting tables; stocking ice; preparing delivery orders Uber Eats, Grub Hub and Door Dash; preparing takeout orders and online orders from Denny's.com; answering the phone; working the cash register; greeting and seating customers; preparing salads; preparing deserts, ice creams and milkshakes; cutting lemons, limes, melons and strawberries; washing and stocking unsliced fruits; baking biscuits; preparing specialty drinks such as lemonades, limeades and teas; and rolling bins full of silverware.

39.     Defendant paid Plaintiff and the Collective Members a sub-minimum wage for all hours that Plaintiff and the Collective Members worked for Defendants, including the periods during which Plaintiff and the Collective Members were performing non-tipped duties.

40.     Defendant regularly and frequently required Plaintiff and the Collective Members to perform a number of non-tipped duties **related** to their tipped occupation, including but not limited to: preparatory and workplace maintenance tasks such as sweeping floors; cleaning booths; stocking stations throughout the restaurant; stocking and setting tables; stocking ice; cutting lemons, limes, melons and strawberries; washing and stocking unsliced fruits; preparing specialty drinks such as lemonades, limeades and teas; and rolling bins full of silverware.

## COLLECTIVE ACTION ALLEGATIONS

41.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

42.     Plaintiff brings the FLSA claims in this action as a collective action under 29 U.S.C. § 216(b).

43.     Plaintiff asserts those claims on behalf of herself, and on behalf of all similarly situated tipped employees employed by Defendants, who were not paid all compensation required by the FLSA during the relevant time period as a result of Defendants' compensation policies and practices.

44.     Plaintiffs seek to notify the following employees of their rights under 29 U.S.C. § 216(b) to join this action by filing in this Court written notice of their consent to join this action:

> **All individuals who worked at any time during the past three years at any restaurant owned or operated by Defendant in the job position of server and who were paid for their work on an hourly basis according to the tip credit provisions of the FLSA, (*i.e.* an hourly rate less than the applicable minimum wage, excluding tips).**

45.     The FLSA provides for a three-year statute of limitations for causes of action arising out of a willful violation of the Act. 29 U.S.C. § 255. As alleged above, Plaintiff's and similarly situated employees' claims arise out of Defendant's willful violations of the FLSA. Accordingly, the Court should require appropriate notice of this action be given to all tipped employees employed by Defendant within three years from the filing of this Complaint.

46.     Upon information and belief, Defendant has employed thousands of tipped employees during the period relevant to this action.

47.     The identities of these employees, as a group, are known only to Defendant. Because the numerous members of this collective action are unknown to Plaintiff, joinder of each member is not practicable.

48.     Because these similarly situated tipped employees are readily identifiable by Defendant and may be located through its records, they may be readily notified of this action and

8

allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their FLSA claims.

49.     Collective adjudication is appropriate in this case because the tipped employees whom Plaintiff wishes to notify of this action have been employed in positions similar to Plaintiff; have performed work similar to Plaintiff; and have been subject to compensation practices similar to those to which Plaintiff was subjected, including unlawful payment of sub-minimum wages for non-tipped work and unlawful application of the FLSA's tip credit provisions.

**COUNT ONE: FAIR LABOR STANDARDS ACT**
**FAILURE TO PROVIDE NOTICE OF TIP CREDIT TO PLAINTIFFS**

50.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

51.     Defendant did not inform Plaintiff and the Collective Members of the provisions of the "tip credit" in 29 U.S.C. § 203(m).

52.     As a result, Defendant was not entitled to take a tip credit against Plaintiff's and the Collective Member's minimum wages.

53.     Defendant failed and/or refused to pay Plaintiff and the Collective Members the full minimum wage according to the provisions of the FLSA for each and every workweek that Plaintiff and the Collective Members worked for Defendants, for the duration of their employment, in violation of 29 U.S.C. § 206(a).

54.     As such, full applicable minimum wage for such time Plaintiff and the Collective Members worked is owed to Plaintiff and the Collective Members for the entire time they were employed by Defendant.

55.    Defendant knew that – or acted with reckless disregard as to whether – its failure to pay Plaintiff and the Collective Members the full minimum wage over the course of their employment would violate federal law, and Defendant was aware of the FLSA minimum wage requirements during Plaintiff's and the Collective Members' employment. As such, Defendant's conduct constitutes a willful violation of the FLSA.

56.    Plaintiff and the Collective Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiff, Lindsay Rafferty, on behalf of herself and all other similarly situated persons, respectfully request that this Court grant relief in Plaintiff's and the Collective Members' favor, and against Defendant for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT TWO: REQUIRED LABOR UNRELATED TO PRIMARY DUTIES OF THE TIPPED OCCUPATATION OF SERVER

57.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

58.    Defendant failed and/or refused to comply with the FLSA, 29 U.S.C. § 201, et seq., 29 C.F.R. § 531.56(e), and the Department of Labor Field Operations Handbook §30d00(e) and §30d00(f) by requiring Plaintiff and the Collective Members in a given workweek, and during each and every workweek Plaintiff and the Collective Members were employed by Defendants, to perform non-tipped labor unrelated to their tipped occupation over the course of their regular workweek, while paying Plaintiff and the Collective Members at the tip credit rate.

Examples of such non-tipped labor unrelated to the primary duties of the tipped occupation of server include, but are not limited to taking out trash; scrubbing walls; sweeping and mopping floors; cleaning booths; washing dishes and operating the dishtank; breaking down and cleaning the server line; ensuring the general cleanliness for the front of the house; detail cleaning throughout the restaurant; stocking stations throughout the restaurant; stocking and setting tables; stocking ice; preparing delivery orders Uber Eats, Grub Hub and Door Dash; preparing takeout orders and online orders from Denny's.com; answering the phone; working the cash register; greeting and seating customers; preparing salads; preparing deserts, ice creams and milkshakes; cutting lemons, limes, melons and strawberries; washing and stocking unsliced fruits; baking biscuits; preparing specialty drinks such as lemonades, limeades and teas; and rolling bins full of silverware.

59.     Defendant knew that – or acted with reckless disregard as to whether – its failure to pay Plaintiff and the Collective Members the full applicable minimum wage, without applying the tip credit, for time spent performing labor unrelated to their tipped occupation, would violate federal law and Defendant was aware of the FLSA minimum wage requirements during Plaintiff's and the Collective Members' employment. As such, Defendant's conduct constitutes a willful violation of the FLSA.

60.     Plaintiff and the Collective Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiff, Lindsay Rafferty, on behalf of herself and all other similarly situated persons, respectfully request that this Court grant relief in Plaintiff's and the Collective Member's favor, and against Defendant for compensation for unpaid minimum wages, plus an

additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT THREE: REQUIRED LABOR RELATED TO PRIMARY DUTIES OF TIPPED OCCUPATION OF SERVER, BUT IN EXCESS OF OF 20% OF A GIVEN WORKWEEK

61.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

62.     Defendant failed and/or refused to comply with the FLSA, 29 U.S.C. § 201, et seq., 29 C.F.R. § 531.56(e), and the Department of Labor Field Operations Handbook §30d00(e) and §30d00(f) by requiring Plaintiff and the Collective Members in a given workweek, and during each and every workweek Plaintiff and the Collective Members were employed by Defendant, to perform non-tipped labor related to their tipped occupation in excess of twenty percent (20%) of their regular workweek, while paying Plaintiff and the Collective Members at the tip credit rate. Examples of such non-tipped labor related to their tipped occupation of servers include, but are not limited to, sweeping floors; cleaning booths; stocking stations throughout the restaurant; stocking and setting tables; stocking ice; cutting lemons, limes, melons and strawberries; washing and stocking unsliced fruits; preparing specialty drinks such as lemonades, limeades and teas; and rolling bins full of silverware.

63.     Defendant failed and/or refused to pay Plaintiff and the Collective Members the full applicable minimum wage according to the provisions of the FLSA for time they spent performing non-tipped labor related to their tipped occupation, despite requiring them to perform such work in excess of twenty percent (20%) of a given workweek, for each and every

workweek that Plaintiff and the Collective Members were employed by Defendant, in violation of 29 U.S.C. § 206(a).

64.     Defendant knew that – or acted with reckless disregard as to whether – its failure to pay Plaintiff and the Collective Members the full applicable minimum wage, without applying the tip credit, for time spent performing labor elated to their tipped occupation, but in excess of 20% of any given workweek, would violate federal law and Defendant was aware of the FLSA minimum wage requirements during Plaintiff's and the Collective Members' employment. As such, Defendant's conduct constitutes a willful violation of the FLSA.

65.     Plaintiff and the Collective Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiff, Lindsay Rafferty, on behalf of herself and all other similarly situated persons, respectfully request that this Court grant relief in Plaintiff's and the Collective Member's favor, and against Defendants for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

RESPECTFULLY SUBMITTED this October 17, 2018.

THE BENDAU LAW FIRM, PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II (OH No. 0089601)
Christopher J. Bendau
BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, Arizona 85060
Telephone AZ: (480) 382-5176
Fax: (480) 304-3805

Email: cliffordbendau@bendaulaw.com
chris@bendaulaw.com

THE LAW OFFICES OF SIMON & SIMON

By: /s/ *James L. Simon*
James L. Simon (OH No. 0089483)
Andrew J. Simon (OH No. 0037264)
6000 Freedom Square Dr.
Independence, OH 44131
Telephone: (216) 525-8890
Facsimile: (216) 642-5814
Email: jameslsimonlaw@yahoo.com