# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| LINDSAY RAFFERTY, on behalf of herself and all other similarly situated, | ) ) ) | CASE NO. 5:18-cv-2409 |
| PLAINTIFF, | ) ) | JUDGE SARA LIOI |
| vs. | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| DENNY'S, INC., | ) ) | |
| DEFENDANT. | ) | |

Before the Court is the motion to dismiss filed by defendant Denny's, Inc. ("Denny's") pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6). (Doc. No. 7 ("Mot.").) Plaintiff Lindsay Rafferty ("Rafferty") has filed a response in opposition, with two supplements. (Doc. No. 11 ("Opp'n"); Doc. No. 13 ("Suppl."); Doc. No. 14.) Denny's filed a reply. (Doc. No. 12 ("Reply").)[1] For the reasons set forth herein, defendant's motion to dismiss is granted in part and denied in part.

## I.    BACKGROUND

On October 17, 2018, Rafferty filed her complaint (Doc. No. 1, Complaint ["Compl."]) under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, on behalf of herself and all others similarly situated (the "collective members"). The FLSA provides, in relevant part:

> An action to recover the liability [for violations of provisions of the FLSA] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).

---

[1] Denny's also filed a motion for leave to file a surreply. (Doc. No. 15.) The motion is granted and the surreply attached to the motion is deemed filed.

Rafferty alleges that, from February 2012 until the present, she has been employed by Denny's as a server at its restaurant located at 2943 S. Arlington Road, Akron, Ohio 44312. (Compl. ¶ 13.) She has been paid by Denny's as a tipped employee under the FLSA, performing various tipped and nontipped duties, including, but not limited to, serving drinks and food to customers, cleaning, busing tables, washing dishes, and other side work. (*Id.* ¶¶ 14–15.)

In a declaration accompanying Denny's motion to dismiss, Lester Nail ("Nail"), Assistant General Counsel for Denny's, attests that Denny's is incorporated in Florida and has its corporate headquarters in South Carolina. (Doc. No. 7-2, Declaration of Lester Nail ("Nail Decl.") ¶ 7.) Nail further attests that Denny's owns and operates 181 restaurants in twenty-one (21) U.S. states, employing 9,429 individuals. (*Id.* ¶¶ 8–9.) Denny's directly owns and operates four (4) restaurants in Ohio; it employs 177 people in Ohio (all but two (2) of whom work at the restaurants); and it has generated approximately 1.7% of its total annual revenue in Ohio, year-to-date. (*Id.* ¶¶ 10, 12–13.)

Rafferty alleges, on behalf of the collective members, that Denny's violates the FLSA by paying servers sub-minimum, tip-credit wages without informing them of the tip-credit provisions of the FLSA. (*Id.* ¶¶ 1, 3–5.) She sets forth three counts against Denny's under the FLSA: (1) failure to provide notice of the provisions of the "tip credit" in 29 U.S.C. § 203(m) (*id.* ¶¶ 50–56); (2) enforcing a policy or practice of paying servers sub-minimum, tip-credit wages even when it requires those employees to perform nontipped work that is unrelated to their tipped occupation (*id.* ¶¶ 6, 57–60); and (3) enforcing a policy or practice of requiring servers to perform nontipped work that, even if it was related to their tipped occupation, exceeded 20% of their time worked in one or more individual workweeks (*id.* ¶¶ 7, 61–65).

Although no motion to certify the collective has yet been filed, the complaint identifies as follows a nationwide collective plaintiff will seek to certify:

> All individuals who worked at any time during the past three years at any restaurant owned or operated by [d]efendant in the job position of server and who were paid for their work on an hourly basis according to the tip credit provisions of the FLSA, (*i.e.* an hourly rate less than the applicable minimum wage, excluding tips).

(*Id.* ¶ 44.) Because Rafferty alleges that the claims arise out of willful violations of the FLSA by Denny's, she alleges that a three-year statute of limitations applies. (*Id.* ¶ 45.)

## II. DISCUSSION

Denny's has filed a motion to dismiss. It seeks dismissal for lack of personal jurisdiction of the FLSA claims of any putative collective members not arising from employment by Denny's in Ohio. It also seeks dismissal of Counts Two and Three of the complaint for failure to state a claim. Each of these grounds for dismissal is discussed separately herein.

### A. Lack of Personal Jurisdiction (Claims of Nonresidents Arising Out of non-Ohio Employment)

A plaintiff bears the burden of establishing the existence of personal jurisdiction. *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002). Where the Court makes a dismissal determination based on the pleadings and any supporting affidavits, without an evidentiary hearing, the plaintiff "'need only make a prima facie showing of jurisdiction.'" *Id.* (quoting *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996)). The Court must construe the allegations "in a light most favorable to the plaintiff[.]" *CompuServe, Inc.*, 89 F.3d at 1262.

Where, as here, subject-matter jurisdiction is based on federal question alone, but "there is no provision authorizing nationwide service, federal courts must follow Rule 4(k) of the Federal Rules of Civil Procedure, which, *inter alia*, limits a court's exercise of personal jurisdiction to

3

persons who can be reached by the forum state's long-arm statute." *Alisoglu v. Cent. States Thermo King of Okl., Inc.*, No. 12-cv-10230, 2012 WL 1666426, at *3 (E.D. Mich. May 11, 2012) (citing *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 108, 108 S. Ct. 404, 98 L. Ed. 2d 415 (1987)).

> Where a federal court's subject matter jurisdiction over a case stems from the existence of a federal question, personal jurisdiction over a defendant exists "if the defendant is amenable to service of process under the [forum] state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant[ ] due process."

*Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002).[2]

### 1. Due Process

To satisfy due process, a court's exercise of its power over an out-of-state defendant must "not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S. Ct. 339, 85 L. Ed. 278 (1940)). "[T]he defendant's conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into court there."

---

[2] The Court notes that Rafferty's arguments in opposition tend to blur two concepts: the Court's exercise of subject-matter jurisdiction over the federal FLSA claims of allegedly similarly-situated employees, and the Court's exercise of personal jurisdiction over a particular defendant. For example, Rafferty asserts that "[d]efendant concedes that this Court has jurisdiction over the claims of any individuals similarly situated to Ms. Rafferty . . . employed at [Denny's] restaurants within the state of Ohio[,] . . . [but] argues that this Court lacks jurisdiction over the claims of similarly situated individuals employed by [Denny's] outside of Ohio." (Opp'n at 79.) Rafferty claims that Denny's is attempting to "disallow[] a national collective action regardless of any determination as to whether [its] non-Ohio servers are similarly situated to [Rafferty]." (*Id.*) These statements do not precisely frame the issue. Strictly speaking, Denny's is denying only that this Court can exercise personal jurisdiction over it for the claims of some of the putative collective members. Even *if* plaintiff were to ultimately establish that *all* of Denny's servers throughout the country are similarly-situated (for purposes of certifying a collective), if this Court has no personal jurisdiction over Denny's, it cannot render a binding judgment unless Denny's were to waive the defense of lack of personal jurisdiction. Nor can the Court render an advisory opinion. In order for there to be a valid judgment, subject-matter jurisdiction must exist, and personal jurisdiction must either exist or be waived. *See Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) ("Without personal jurisdiction over an individual, however, a court lacks all jurisdiction to adjudicate that party's rights, whether or not the court has valid subject matter jurisdiction."); *see also Dragor Shipping Corp. v. Union Tank Car Co.*, 378 F.2d 241, 244 (9th Cir. 1967) ("The fact that subject-matter jurisdiction exists does not excuse the lack of in personam jurisdiction.").

4

*World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980).

"There are two types of personal jurisdiction under the Due Process Clause, general and specific jurisdiction, either one of which is adequate to confer jurisdiction." *Maclin v. Reliable Reports of Tex., Inc.*, 314 F. Supp. 3d 845, 849 (N.D. Ohio 2018).

General jurisdiction exists over a foreign corporation when its contacts with the forum state "are so continuous and systematic as to render it essentially at home in the forum state." *Id.* (citing *BNSF Ry. Co. v. Tyrrell*, — U.S. —, 137 S. Ct. 1549, 1558, 198 L. Ed. 2d 36 (2017)). "If a court has general jurisdiction over a defendant, it can adjudicate any claims involving that defendant, regardless of where the cause of action arose." *Id.*

"The 'paradigm' forums in which a corporate defendant is 'at home' are the corporation's place of incorporation and its principal place of business[.]" *Fabec v. Debt Mgmt. Partners, LLC*, No. 1:18 CV 1537, 2018 WL 4830085, at *6 (N.D. Ohio Oct. 4, 2018); *see Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924, 131 S. Ct. 2846, 180 L. Ed. 2d 796 (2011) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home.").[3] "Maintaining extensive operations within a state alone does not satisfy the general-jurisdiction exception." *Maclin*, 314 F. Supp. 3d at 849 (citing *BNSF Ry. Co.*, 137 S. Ct. at 1559

---

[3] The Supreme Court has held that:

> "[P]rincipal place of business" . . . refer[s] to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." And in practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the "nerve center," and not simply an office where the corporation holds its board meetings[.]

*Hertz Corp. v. Friend*, 559 U.S. 77, 92–93, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010).

5

(finding although BNSF operated one of its automotive facilities in Montana, had more than 2,000 Montana employees, and had more than 2,000 miles of Montana railroad tracks, BNSF was not subject to general jurisdiction in Montana)).

This Court does not have general jurisdiction over Denny's because it is incorporated in Florida and has its headquarters in South Carolina.[4] Its mere conducting of business at four (4) restaurants in Ohio, where it employs 175 people and generates a little under 2% of its annual revenues, does not confer general jurisdiction because that does not amount to operations that are "so substantial and of such a nature as to render the corporation at home in [this] State." *BNSF Ry. Co.*, 137 S. Ct. at 1558 (internal quotation marks omitted).

"Specific jurisdiction refers to jurisdiction over claims arising from or related to a defendant's contacts with the forum state." *Maclin*, 314 F. Supp. 3d at 849. The Sixth Circuit has "promulgated a three-prong test that not only guides the determination of whether specific jurisdiction exists, but also protects the due process rights of a defendant." *Intera Corp. v. Henderson*, 428 F.3d 605, 615 (6th Cir. 2005) (citing *S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)). This test provides:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Id.* (quoting *S. Mach. Co.*, 401 F.2d at 381). "Failure to meet any one of the three prongs means that personal jurisdiction may not be invoked." *Maclin*, 314 F. Supp. 3d at 849.

---

[4] The Court assumes, for purposes of this motion, that the South Carolina headquarters is the principal place of business for Denny's. *See Hertz Corp.*, 559 U.S. at 92–93. Plaintiff has not argued otherwise.

Denny's does not challenge this Court's exercise of personal jurisdiction with respect to the claims of putative collective members who work in its Ohio restaurants, admitting that this Court has specific jurisdiction over Denny's with respect to those claims. The challenge is directed solely to the claims of the non-Ohio putative collective members. Denny's points out that personal jurisdiction must be proper as to each claim. *SunCoke Energy Inc. v. MAN Ferrostaal Aktiengesellschaft*, 563 F.3d 211, 217, 219 (6th Cir. 2009) (White, J., concurring; Rogers, J., dissenting) (cited by Mot. at 55[5]). Denny's urges this Court to follow *Maclin*, wherein another judge of this court applied *Bristol-Myers Squibb Co. v. Superior Court of Cal.*, — U.S. —, 137 S. Ct. 1773, 198 L. Ed. 2d 395 (2017), to FLSA collective actions, and held that the court could not exercise personal jurisdiction over FLSA claims of nonresident claimants against a nonresident defendant where the claims had no connection to the State of Ohio. (Mot. at 47.[6])

Rafferty asks this Court to reject *Maclin*, arguing that, at the time it was decided, "the case law refusing to extend *Bristol-Myers* to federal class actions was much less developed[.]" (Opp'n at 86.) In addition, plaintiff argues that *Maclin* "failed to understand that with the federal claims in question being raised in federal court, the analysis looks to minimum contacts with the United States as opposed to minimum contacts at the state level under the Fourteenth Amendment." (*Id.* at 87 (citing *Med. Mut. of Ohio v. deSoto*, 245 F.3d 561, 567 (6th Cir. 2001) (an ERISA case).) Rafferty asserts that, because she has raised only federal claims, the Due Process Clause of the

---

[5] All page number references are to the page identification number generated by the Court's electronic docketing system.

[6] Denny's also argues that Rafferty likely brought her claims here because of two recent decisions in this district where Rule 12(b)(6) motions were denied in nearly identical "tip-credit" cases against restaurants. (Mot. at 47 (citing *Harrison v. Rockne's Inc.*, 274 F. Supp. 3d 706 (N.D. Ohio 2017) (Parker, M.J.); *Osman v. Grube, Inc.*, No. 16-cv-802, 2017 WL 2908864 (N.D. Ohio July 7, 2017) (Helmick, J.)).) Personal jurisdiction was not challenged in either of those cases.

Fifth Amendment, not the Fourteenth Amendment, is the source for personal jurisdiction. (Opp'n at 80–81.) Further, plaintiff asserts that "the jurisdictional analysis is properly confined to the named plaintiff rather than hypothetical opt-ins." (*Id.* at 87 (citing *Molock v. Whole Food Market, Inc.*, 297 F. Supp. 3d 114 (D.D.C. 2018), *interlocutory appeal filed*, No. 18-7162 (D.C. Cir. Oct. 31, 2018)).)

In reply, Denny's rejects plaintiff's reliance upon *deSoto* because it involved the ERISA statute, which contains a provision for nationwide service of process.[7] Unlike ERISA and the statutes in the cases relied upon by the court in *deSoto*, the FLSA is silent as to service of process. (Reply at 173–74 (citing cases).) Denny's argues that, in the face of such silence, courts may not infer that nationwide service is permissible. (Reply at 174–75.[8]) In fact, since "Congress knows how to authorize nationwide service of process when it wants to provide for it[,]" the absence of express language in the statute "argues forcefully that such authorization was not its intention." *Omni Capital Int'l, Ltd.*, 484 U.S. at 106 (cited by Mot. at 174–75).

In *Bristol-Myers*, the primary case relied upon by Denny's, the Supreme Court addressed the question of whether, under the Fourteenth Amendment's Due Process Clause, state courts have

---

[7] *See* 29 U.S.C. § 1132(e)(2) ("[A]n action under this subchapter . . . may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, *and process may be served in any other district where a defendant resides or may be found*." (emphasis added)). *DeSoto*, in turn, relied upon two other cases involving federal statutes that provide for nationwide service of process. *DeSoto*, 245 F.3d at 566–67 (first citing *United Liberty Life Ins. Co. v. Ryan*, 985 F.2d 1320 (6th Cir. 1993) (15 U.S.C. § 78aa ("[S]uit . . . may be brought … in the district wherein the defendant is found or is an inhabitant or transacts business, *and process in such cases may be served in any other district of which the defendant is an inhabitant* . . . ." (emphasis added))), and then citing *Haile v. Henderson Nat'l Bank*, 657 F.2d 816 (6th Cir. 1981) (28 U.S.C. § 1692 ("In proceedings in a district court where a receiver is appointed for property . . . situated in different districts, *process may issue and be executed in any such district as if the property lay wholly within one district* . . . ." ) (emphasis added))).

[8] Rafferty suggests that the FLSA "contemplate[s]" nationwide service (Opp'n at 82), but she points to no provision in the statute in support of this position. Even if the FLSA were to include a provision for nationwide service of process that might support a "national minimum contacts" approach, "it is not universally accepted by the courts of appeals that [such a provision] suffices for personal jurisdiction. The Supreme Court has never squarely decided whether Fifth Amendment due process is satisfied merely by national contact under a nationwide service of process provision." *NGS Am., Inc. v. Jefferson*, 218 F.3d 519, 524 n.5 (6th Cir. 2000).

specific jurisdiction to entertain nonresidents' claims. There, a group of 600 plaintiffs (consisting of 86 California residents and 592 residents from 33 other states) sued Bristol-Myers in a California state court asserting (in eight separate complaints) a variety of state-law claims based on injuries allegedly caused by the company's drug called Plavix.[9] Bristol-Myers was incorporated in Delaware and headquartered in New York; it maintained substantial operations in New York and New Jersey. Bristol-Myers engaged in business activities in California and sold Plavix there (taking in $900 million—about 1% of its nationwide sales revenue); it operated five research labs, employing 160 employees, and also employed 250 sales representatives in California. A majority of the California Supreme Court "concluded that '[Bristol-Myers'] extensive contacts with California' permitted the exercise of specific jurisdiction" over the claims of the nonresident plaintiffs. 137 S. Ct. at 1779. Applying "settled principles of personal jurisdiction[,]" *id.* at 1783, the Supreme Court reversed, but, recognizing that the "decision concerns the due process limits on the exercise of specific jurisdiction of a *State*," *id.* at 1783–84 (emphasis added), the Court "[left] open the question whether the Fifth Amendment imposes the same restrictions on the exercise of personal jurisdiction by a federal court." *Id.* at 1784 (citing *Omni Capital Int'l*, 484 U.S. at 102 n.5 ("Under [petitioner's] theory, a federal court could exercise personal jurisdiction, consistent with the Fifth Amendment, based on an aggregation of the defendant's contacts with the Nation as a whole, rather than on its contacts with the State in which the federal court sits. . . . [but] '[w]e have no occasion' to consider the constitutional issues raised by this theory.") (citations omitted)).

---

[9] Although there were 600 plaintiffs in *Bristol-Myers*, none of the eight complaints was a class action. Throughout her dissent, Justice Sotomayor repeatedly referred to it as a "mass action." *Bristol-Myers*, 137 S. Ct. at 1784 (Sotomayor, J., dissenting).

In the wake of *Bristol-Myers*, district courts have disagreed as to whether, in a class action context, personal jurisdiction over the claims of nonresident, unnamed class members is required.[10] Some courts have determined that "'*Bristol-Myers* applies with equal force in the class action context.'" *Chernus v. Logitech, Inc.*, No. 17-673(FLW), 2018 WL 1981481, at *7 (D.N.J. Apr. 27, 2018) (quoting *Practice Mgmt. Support Servs. v. Cirque Du Soleil, Inc.*, 301 F. Supp. 3d 840, 861 (N.D. Ill. 2018)); *accord Wenokur v. AXA Equitable Life Ins. Co.*, No. CV-17-00165-PHX-DLR, 2017 WL 4357916, at *5 (D. Ariz. Oct. 2, 2017). "On the other hand, most of the courts that have encountered this issue have found that *Bristol-Myers* does not apply in the federal class action context." *Chernus*, 2018 WL 1981481, at *7 (collecting cases).[11]

In *Maclin*, another judge of this court held "that *Bristol-Myers* applies to FLSA [collective] claims, in that it divests courts of specific jurisdiction over the FLSA claims of non-Ohio plaintiffs against [defendant]." *Maclin*, 314 F. Supp. 3d at 850. He did so because:

> [T]he Court cannot envisage that the Fifth Amendment Due Process Clause would have any more or less effect on the outcome respecting FLSA claims than the

---

[10] In her dissent in *Bristol-Myers*, Justice Sotomayor specifically noted that "[t]he Court today [did] not confront the question whether its opinion here would also apply to a class action in which a plaintiff injured in the forum State seeks to represent a nationwide class of plaintiffs, not all of whom were injured there." *Bristol-Myers*, 137 S. Ct. at 1789 n.4.

[11] This Court notes an important distinction between Rule 23 class actions, and mass actions. In the former, "only the named plaintiffs . . . are considered in the jurisdictional analysis." *Chernus*, 2018 WL 1981481, at *7 (citing *Molock*, 2018 WL 1342470, at *6). "[I]n a mass tort action 'like the one in *Bristol-Myers*, each plaintiff was a real party in interest to the complaints, meaning that they were named as plaintiffs in the complaints[.]'" *Id.* (quoting *Fitzhenry-Russell v. Dr. Pepper Snapple Grp.*, No. 17-564, 2017 WL 4224723, at *5 (N.D. Cal. Sept. 22, 2017)). The question is whether a collective action is more like a class action or more like a mass action. Although class actions and collective actions are often referred to almost interchangeably, especially as courts struggle to apply *Bristol-Myers*, *see, e.g.*, *Roy v. FedEx Ground Package Sys., Inc.*, 353 F. Supp. 3d 43, 56 (D. Mass. 2018) (finding in a putative FLSA *collective* action, where the court dismissed the claims of potential out-of-state opt-ins for lack of personal jurisdiction, that "[n]othing in *Bristol-Myers* suggests that its basic holding is inapplicable to *class* actions[]" (emphasis added)), the two actions are different in that a person must opt *in* to a collective action, but must opt *out* of a class action. By opting in, a member of a collective is more akin to a participant in a mass action than to a member of a class. *See O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 583 (6th Cir. 2009) ("[O]pt-in employees [in a collective action] are party plaintiffs, unlike absent class members in a Rule 23 class action."), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, —U.S.—, 136 S. Ct. 663, 670, 193 L. Ed. 2d 571 (2016); *see also Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 74, 133 S. Ct. 1523, 185 L. Ed. 2d 636 (2013) ("Rule 23 actions are fundamentally different from collective actions under the FLSA[.]").

> Fourteenth Amendment Due Process Clause, and this district court will not limit
> the holding in *Bristol-Myers* to mass tort claims or state courts.

*Id.* at 850–51 (rejecting *Swamy v. Title Source, Inc.*, No. C 17-01175 WHA, 2017 WL 5196780, at *2 (N.D. Cal. Nov. 10, 2017) (finding that an FLSA claim is "a federal claim created by Congress specifically to address employment practices nationwide[]"), and *Thomas v. Kellogg Co.*, No. C13-5136RBL, 2017 WL 5256634, at *1 (W.D. Wash. Oct. 17, 2017) (declining to decertify the collective based on *Bristol-Myers*)).[12] The court aptly noted that its decision "does not prevent the Ohio and out-of-state plaintiffs from filing a nationwide collective action in the State that has general jurisdiction over [defendant,]" or alternatively, "in their respective home states." *Id.* at 851.

This Court concludes that Denny's position with respect to personal jurisdiction is correct. As noted by the Court in *Bristol-Myers*, "restrictions on personal jurisdiction 'are more than a guarantee of immunity from inconvenient or distant litigation. They are a consequence of territorial limitations on the power of the respective States.'" *Bristol-Myers*, 137 S. Ct. at 1780 (quoting *Hanson v. Denckla*, 357 U.S. 235, 251, 78 S. Ct. 1228, 2 L. Ed. 2d 1283 (1958)). "[D]ue process, as an 'instrument of interstate federalism,' requires a connection between the forum and the specific claims at issue." *Mussat v. IQVIA Inc.*, No. 17 C 8841, 2018 WL 5311903, at *5 (N.D. Ill. Oct. 26, 2018). "This recognition bars nationwide class actions in fora where the defendant is not subject to general jurisdiction. Whether it be an individual, mass, [collective], or class action, the defendant's rights should remain constant." *Id.* (citing *e.g.*, *Practice Mgmt. Support Servs., Inc.*, 301 F. Supp. 3d at 861 (deciding that under "the Rules Enabling Act, a defendant's due process

---

[12] The court noted that both *Swamy* and *Thomas* are "unreported opinions of district courts in the Ninth Circuit [that] have no precedential effect on this district court; there are no opinions in the Sixth Circuit Court of Appeals on the subject." *Maclin*, 314 F. Supp. 3d at 850.

interest should be the same in the class [or collective] context" as all others)). "The constitutional requirements of due process do[] not wax and wane when the complaint is individual or on behalf of a class [or collective]. Personal jurisdiction in class [and collective] actions must comport with due process just the same as any other case." *In re Dental Supplies Antitrust Litig.*, No. 16 Civ. 696 (BMC)(GRB), 2017 WL 4217115, at *9 (E.D.N.Y. Sept. 20, 2017) (cited by *Roy*, 353 F. Supp. 3d at 56 (FLSA case)). And, as noted by the court in *Maclin*, the putative collective members (both Ohio and out-of-state) are not prevented from filing a nationwide collective action; they merely must do so in one of the states that has general jurisdiction over Denny's (*i.e.*, Florida or South Carolina).

The Court concludes that exercising personal jurisdiction over Denny's for claims of any out-of-state putative collective member would violate due process.

**2. Ohio's Long-Arm Statute**

Because the Court has already determined that, under the Due Process Clause, it may not exercise personal jurisdiction over Denny's, it need not examine whether Denny's is amenable to service of process under Ohio's long-arm statute.[13] Even so, it is apparent that, under the statute, the Court may entertain claims against an out-of-state defendant for "only a cause of action arising from acts enumerated this section[.]" Ohio Rev. Code § 2307.382(C). All of the enumerated acts require some connection to the state of Ohio. The claims of any putative collective member arising out of employment at restaurants operated by Denny's outside Ohio have no connection to Ohio.

---

[13] Rafferty failed to raise any opposition to defendant's arguments on this issue, asserting simply that defendant's discussion of the issue (under the Fourteenth Amendment) is "misplaced." (Opp'n at 81.)

### 3. Conclusion

In conclusion, due to the absence of personal jurisdiction, Denny's is entitled to dismissal without prejudice of any FLSA claim that arises out of employment at restaurants operated by Denny's outside Ohio. To that extent, defendant's motion to dismiss (Doc. No. 7) is granted.

## B. Failure to State a Claim (Counts Two and Three)

Denny's also moves, under Fed. R. Civ. P. 12(b)(6), to dismiss two of the three counts in the complaint for failure to state a claim. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Although this pleading standard does not require great detail, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citing authorities). In other words, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id*. at 555 n.3 (criticizing the *Twombly* dissent's assertion that the pleading standard of Rule 8 "does not require, or even invite, the pleading of facts").

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. "The court need not, however, accept unwarranted factual inferences." *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

In Count Two (the unrelated nontipped labor claim), which incorporates by reference the other allegations in the complaint, Rafferty alleges that Denny's has failed to comply with the FLSA and with relevant regulations and sections of the Department of Labor ("DOL") Field Operations Handbook, "by requiring [p]laintiff and the [c]ollective [m]embers in a given workweek, and during each and every workweek [they] were employed by [Denny's], to perform non-tipped labor unrelated to their tipped occupation over the course of their regular workweek, while paying [them] at the tip credit rate." (Compl. ¶ 58.) Plaintiff alleges that Denny's acted willfully to violate the FLSA. (*Id.* ¶ 59.)

In Count Three (the related nontipped labor claim), which also incorporates by reference the other allegations of the complaint, Rafferty alleges that Denny's has failed to comply with the FLSA and with relevant regulations and sections of the DOL Field Operations Handbook, "by requiring [p]laintiff and the [c]ollective [m]embers in a given workweek, and during each and every workweek [they] were employed by [Denny's], to perform non-tipped labor related to their tipped occupation in excess of twenty percent (20%) of their regular workweek, while paying [them] at the tip credit rate." (*Id.* ¶ 62.) Further, Denny's allegedly failed to pay plaintiff and the putative collective members "the full applicable minimum wage . . . for time they spent performing non-tipped labor related to their tipped occupation, despite requiring them to perform such work in excess of twenty percent (20%) of [the time]." (*Id.* ¶ 63.) Plaintiff alleges that Denny's acted willfully to violate the FLSA. (*Id.* ¶ 64.)

Denny's goes on at length in its motion (and Rafferty responds in kind in her opposition) arguing the *merits* of these two claims based on what Denny's asserts is "new guidance" issued by the DOL on November 8, 2018. (Mot. at 59–65 (citing DOL Letter 2018-27).) Essentially, Denny's is arguing, not that Rafferty has failed to *state* a claim, but that she cannot *prevail* on the claims

she stated. This is not the appropriate standard for a motion to dismiss. Denny's is really seeking summary judgment or judgment on the pleadings[14]—arguing that "[a]lthough [p]laintiff's allegations in support of Count Two and Count Three may have been sufficient prior to the new DOL guidance, this is no longer the case." (*Id.* at 65.)

Rafferty argues that, even if the new guidance letter applies (which is not entirely clear), by its express terms, it governs "[f]rom today forward[,]" (Opp'n at 93 (citing the DOL Letter 2018-27, at 1)), and is not to be applied retroactively. (*Id.* (citing *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208, 109 S. Ct. 468, 102 L. Ed. 2d 493 (1988) ("[A]dministrative rules will not be construed to have retroactive effect unless their language requires this result.")).) Plaintiff's claims span a time period both before and after the new guidance letter. Plaintiff argues that, if the new letter applies, it will simply affect how liability and damages should be analyzed. (*Id.*)

In a supplement to her opposition brief, Rafferty supplies a recent opinion of another judge of this court that rejected the same argument presented here by Denny's. In *Calloway v. DenOne, LLC*, Case No. 1:18-cv-1981, denying judgment on the pleadings, Judge James S. Gwin, although agreeing that the relevant regulations are ambiguous (which ordinarily requires that the court give controlling weight to the DOL's interpretation of the regulation)[15] found that he need not defer because, for reasons he set forth in some detail, "there are significant signs that the new letter does not 'reflect the agency's fair and considered judgment on the matter in question.'" (Suppl., Ex. A

---

[14] Denny's, however, has not yet filed its answer to the complaint.

[15] *See Auer v. Robbins*, 519 U.S. 452, 461, 117 S. Ct. 905, 137 L. Ed. 2d 79 (1997) (noting that the Secretary's interpretation of his own regulation is controlling unless plainly erroneous or inconsistent with the regulation). Judge Gwin noted, however, that *Auer* has been criticized because its deference "allows an agency to make retroactive rule changes through informal guidance, circumventing the Administrative Procedure Act's notice-and-comment requirements." (Suppl., Ex. A at 200 (citing *Perez v. Mortg. Bankers Ass'n*, —U.S.—, 135 S. Ct. 1199, 1211–12, 191 L. Ed. 2d 186 (2015) (Scalia, J., dissenting)).)

15

at 200 (quoting *Auer*, 519 U.S. at 462).) *See also Cope v. Let's Eat Out, Inc.*, 354 F. Supp. 3d 976, 986 (W.D. Mo. 2019) (declining deference because the opinion letter "directly conflicts with [DOL's] prior guidance . . . implementing the 80/20 rule pertaining to 'related duties' . . . . [And] to give *Auer* deference to an [o]pinion [l]etter pronouncing the sudden forthright withdrawal of such longstanding guidance would result in 'unfair surprise' to [p]laintiff . . . [and] to class members[]").

The Court is not inclined to weigh in on the merits of this argument between the parties at the motion-to-dismiss stage. Applying the proper standard, it cannot be said that the complaint is insufficient to give Denny's fair notice "of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Nor can it be said that the complaint fails "to raise [plaintiff's] right to relief above the speculative level." *Id.* In fact, the briefing on the motion to dismiss has sharply revealed the contours of the parties' dispute. These arguments would be more appropriately raised on summary judgment and neither party is precluded from doing so.

## III. CONCLUSION

For the reasons set forth herein, defendant's motion to dismiss (Doc. No. 7) is granted in part and denied in part. The motion is granted to the extent it seeks to limit the claims to those that can be raised by plaintiff and—if a collective is certified—similarly situated employees, employed at restaurants operated by Denny's in Ohio. The motion is denied to the extent it seeks to dismiss Counts Two and Three.

**IT IS SO ORDERED**.

Dated: July 8, 2019

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

16