UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LINDSAY RAFFERTY, on behalf of herself and all other similarly situated, | ) ) ) | CASE NO. 5:18-cv-2409 |
| PLAINTIFF, | ) ) ) | JUDGE SARA LIOI |
| vs. | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| DENNY'S, INC., | ) ) | |
| DEFENDANT. | ) | |

Before the Court is the motion to transfer venue filed by plaintiff Lindsay Rafferty ("Rafferty"). (Doc. No. 18 ("Mot.").) Defendant Denny's, Inc. ("Denny's") filed a memorandum in opposition. (Doc. No. 19 ("Opp'n").) No reply has been permitted. For the reasons set forth herein, Rafferty's motion is denied.

I.   BACKGROUND

On October 17, 2018, Rafferty filed her complaint under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, on behalf of herself and all others similarly situated, arising out of her employment by Denny's in the State of Ohio. Although no motion to certify the collective has yet been filed, the complaint identified a nationwide collective that plaintiff would seek to certify.

On July 8, 2019, this Court granted Denny's motion to dismiss for lack of personal jurisdiction the FLSA claims of any putative collective members not arising from employment by Denny's in Ohio. Thus, provided a collective is certified, the Court has limited this action to claims

of plaintiff and similarly situated employees of restaurants operated by Denny's in Ohio only. (*See* Memorandum Opinion and Order, Doc. No. 16 at 244.[1])

On July 31, 2019, Rafferty filed the instant motion, seeking to transfer this action to the United States District Court for the Middle District of Florida. Denny's opposes the transfer.

**II.   DISCUSSION**

Rafferty bases her motion on 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any district or division where it might have been brought." She incorrectly represents that defendant's motion to dismiss argued in part "that the proper venue for a nationwide collective is either South Carolina or Florida." (Mot. at 247 (citing Doc. No. 7, Motion to Dismiss).[2])

When Rafferty opposed the motion to dismiss filed by Denny's, she made no argument that, in the alternative to dismissal, the case should be transferred to another venue. Rafferty will not be permitted to test out a nationwide collective theory and, when it fails, try to start over by belatedly seeking a transfer of venue.

In addition, Rafferty is ignoring the fact that this Court has already narrowed the scope of this case to claims of persons employed by Denny's in Ohio only. "[W]hen an action is transferred, it remains what it was; all further proceedings in it are merely refer[r]ed to another tribunal, leaving untouched what has already been done." *Magnetic Eng'g & Mfg. Co. v. Dings Mfg. Co.*, 178 F.2d 866, 868 (2d Cir. 1950). Granting Rafferty's motion to transfer venue at this juncture would cause

---

[1] All page number references are to the page identification number generated by the Court's electronic docketing system.

[2] Contrary to this Court's requirement that citations pinpoint the relevant page in a document (*see* Initial Standing Order, Doc. No. 3, at 31), Rafferty supplies no pinpoint citation—and she could not, since Denny's made no such concession. The motion to dismiss merely pointed out that Denny's is incorporated in Florida and has its principal place of business in South Carolina. (*See* Motion to Dismiss, Doc. No. 7, at 48, 54.)

2

more problems than it would solve. "[U]nder § 1404(a), a district court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991). Transferring this now "Ohio-centered" case to another venue would actually disturb all of these policy concerns, as well as cause prejudice to the defendant.

Rafferty is not asking this Court to vacate its limiting order. As a result, whereas the case *might* have been originally brought in another venue (a finding not made by this Court despite Rafferty's incorrect assertion to the contrary (Mot. at 247 (citing Memorandum Opinion and Order, Doc. No. 16)[3]), given the case's current limited scope, that is no longer true.

The Court is also not persuaded by Rafferty's assertion that "requiring [her] to dismiss her claims and refile them in Florida, would be prejudicial to [p]laintiff Rafferty." (Mot. at 248.) Rafferty herself chose this forum in the first instance and she is not *required* to dismiss the case— she is free to continue to pursue her claims here, and to move to certify an appropriate collective consisting of similarly situated Ohio employees of Denny's. All of the policy concerns listed in § 1404(a), as interpreted by the Sixth Circuit, will be met.

If Rafferty now *prefers* a strategy of dismissal and refiling elsewhere, so as to pursue the claims of a broader, nationwide collective in a venue that has personal jurisdiction over Denny's, that choice is hers; but she cannot be heard to argue prejudice as a result of her own initial forum

---

[3] Again, Rafferty provides no pinpoint citation, but offers a quotation where the Court remarked that any *nationwide* collective action against Denny's would need to be filed where a court would have general jurisdiction over Denny's, that is, Florida (where it is incorporated) or South Carolina (where it has its principal place of business). Because the existence of general jurisdiction over a defendant is not the *only* factor to consider when determining proper venue, this observation by the Court did not amount to an "order agreeing that the proper venue" is one of those two states.

choice and her equally clear choice *not* to timely seek transfer when she opposed defendant's motion to dismiss and before the Court ruled on it.

## III. CONCLUSION

For the reasons set forth herein, plaintiff's motion to transfer venue (Doc. No. 18) is denied.

**IT IS SO ORDERED**.

Dated: September 6, 2019

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**